**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILMINGTON TRUST, N.A., ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> SFR INVESTMENTS POOL 1, LLC, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:16-cv-02713-GMN-EJY <br><br> **ORDER** |

Pending before the Court is Defendant/Cross-Claimant SFR Investments Pool 1, LLC's ("SFR's") unopposed Motion for Default Judgment as to Cross-Defendant Citibank, N.A. ("Citibank"), (ECF No. 74). Also pending before the Court is SFR's unopposed Motion for Default Judgment as to Cross-Defendant Raymond A. Schep ("Schep"), (ECF No. 75). For the reasons discussed below, the Court **GRANTS** SFR's Motions.

### I.    BACKGROUND

This case arises out of the non-judicial foreclosure sale of real property located at 1412 Andrew David Avenue, North Las Vegas, Nevada 89086-1347 (the "Property"). (*See* Deed of Trust, Ex. 1 to Pl.'s Mot. Summ. J. ("MSJ"), ECF No. 38-1). Schep purchased the Property by way of a loan for $279,750.00, secured by a deed of trust ("DOT"), and he subsequently defaulted on his payment obligations. (*Id.*). Plaintiff Wilmington Trust, N.A., ("Plaintiff"), as successor trustee to Citibank, became the beneficiary of the DOT through an assignment recorded on May 14, 2010. (*See* Assignment, Ex. 2 to Pl.'s MSJ, ECF No. 38-1).

Upon Schep's failure to pay all amounts due, Woodcrest Homeowners Association ("HOA"), through its agent Nevada Association Services, Inc. ("NAS"), initiated foreclosure proceedings on the Property. Pursuant to NRS Chapter 116, NAS recorded a notice of delinquent assessment lien, followed by a notice of default and election to sell, and a notice of

sale. (Notice of Delinquent Assessment Lien, Ex. 6 to Pl.'s MSJ, ECF No. 38-1); (Notice of Default and Election to Sell, Ex. 7 to Pl.'s MSJ, ECF No. 38-1); (Notice of Sale, Ex. 8 to Pl.'s MSJ, ECF No. 38-1).

On August 7, 2018, the Court issued its Minute Order with respect to Plaintiff, SFR, and HOA's Motions for Summary Judgment. (*See* Min. Order, ECF No. 61). The Court denied the parties' Motions in light of their settlement (*Id.*).

Following the Court's Order, SFR filed the Motions presently before the Court against Cross-Defendants, who SFR alleges purport to claim junior, adverse interests in the Property. Specifically, SFR seeks default judgment against: (1) Schep, the DOT borrower; and (2) Citibank, Plaintiff's predecessor in interest. (*See* Mots. Default. J., ECF Nos. 74–75).

## II. LEGAL STANDARD

Obtaining a default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the moving party must seek entry of default from the clerk of court. Fed. R. Civ. P. 55(a). Then, after the clerk of court enters default, a party must separately seek entry of default judgment from the court in accordance with Rule 55(b). Fed R. Civ. P. 55(b). Upon entry of clerk's default, the court takes the factual allegations in the complaint as true. *ME2 Prods., Inc. v. Sanchez*, No. 2:17-cv-667-JCM-NJK, 2018 U.S. Dist. LEXIS 61961, 2018 WL 1763514, at *2 (D. Nev. Apr. 12, 2018). Nonetheless, while the clerk's entry of default is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). Instead, whether to grant a default judgment is in the court's discretion. *Id.*

The Ninth Circuit has identified several relevant factors in determining whether to grant default judgment including: (1) the possibility of prejudice to the movant; (2) the merits of the

movant's substantive claims; (3) the sufficiency of the movant's complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong public policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

### III.   DISCUSSION

SFR moves for default judgment against Schep and Citibank, requesting declaratory relief with respect to its crossclaims. SFR has initiated the two-step process required under Rule 55 by moving for clerk's entry of default against Cross-Defendants, (ECF Nos. 32, 69), which the clerk subsequently entered, (ECF Nos. 33, 71). In accordance with Rule 55(b), SFR brings the present Motions.

Upon reviewing the documents and pleadings on file in this matter, the Court finds that the *Eitel* factors support entry of default judgment in favor of SFR and against Cross-Defendants. The first *Eitel* factor weighs in favor of default judgment. A defendant's failure to respond or otherwise appear in a case "prejudices a plaintiff's ability to pursue its claims on the merits," and therefore satisfies the first factor. *See, e.g.*, *Nationstar Mortg. LLC v. Operture, Inc.*, No. 2:17-cv-03056-GMN-PAL, 2019 U.S. Dist. LEXIS 33632, 2019 WL 1027990, at *2 (D. Nev. Mar. 4, 2019); *ME2 Prods.*, 2018 U.S. Dist. LEXIS 61961, 2018 WL 1763514, at *1; *see also PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery.").

Regarding the second and third *Eitel* factors, the Court finds SFR's crossclaims for quiet title, which request declaratory relief, are sufficiently pleaded and meritorious as to the Cross-Defendants. "A plea to quiet title does not require any particular elements, but 'each party must plead and prove his or her own claim to the property in question' and a 'plaintiff's right to relief therefore depends on superiority of title.'" *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 129

Nev. 314, 302 P.3d 1103, 1106 (Nev. 2013) (quoting *Yokeno v. Mafnas*, 973 F.2d 803, 808 (9th Cir. 1992)).

SFR alleges that to the extent Schep or Citibank purport to claim an interest in the Property, SFR's purchase of the same extinguished those interests by operation of NRS Chapter 116. (*See* SFR's Answer 13:20–14:11, ECF No. 17).  SFR's claim for declaratory relief is sufficiently meritorious because SFR has introduced evidence that it purchased the Property at the foreclosure sale after HOA validly foreclosed on the superpriority portion of its lien.  (Chris Hardin Aff. ¶¶ 6–10, Ex. 1 to Mot. Default J., ECF No. 74-1); (NRS Chapter 116 Notices, Exs. 1-B–1-D to Mot. Default J., ECF Nos. 74-3–74-5); (Foreclosure Deed, Ex. 1-E to Mot. Default J., ECF No. 74-6).  Additionally, there is no dispute regarding Plaintiff's failure to take any steps to preserve its interest in the DOT. (*See* Pl.'s MSJ 5:7–14:25, ECF No. 38).  Accordingly, SFR has shown that it would likely be meritorious against any Cross-Defendant seeking to assert title to the Property.

The fourth factor weighs in favor of default judgment because SFR seeks only declaratory relief and no monetary damages against Cross-Defendants. (SFR's Answer 15:1–12); (*See also* Mots. Default J., ECF Nos. 74–75).  The fifth *Eitel* factor, which concerns the possibility of a dispute regarding material facts, favors SFR.  Courts have recognized that, "[o]nce the clerk enters a default, the well-pleaded factual allegations of the [moving party's] complaint are taken as true, except for those allegations relating to damages." *ME2 Prods.*, 2018 U.S. Dist. LEXIS 61961, 2018 WL 1763514, at *2 (quoting *O'Brien v. United States*, No. 2:07-cv-00986-GMN-GWF, 2010 U.S. Dist. LEXIS 101941, 2010 WL 3636171, at *4 (D. Nev. Sept. 9, 2010)).  Taking SFR's Cross-Complaint's allegations as true, Cross-Defendants possessed interests in the Property junior to that of Plaintiff, which were subsequently extinguished upon SFR's purchase. (SFR's Answer 13:20–14:11).

With respect to the sixth *Eitel* factor, the Court finds that Cross-Defendants' failure to appear was not the result of excusable neglect. Schep was served on April 3, 2017, and his answer was due on April 24, 2017. (*See* Summons Returned Executed, ECF No. 29). Citibank was served on March 9, 2017, and its answer was due on March 30, 2017. (*See* Summons Returned Executed, ECF No. 30). The Clerk of Court entered default against Schep in June of 2017 and against Citibank in early July of 2019, (ECF Nos. 33, 71). SFR filed its present Motions on August 24, 2019 (ECF Nos. 74–75). Cross-Defendants' failure to appear or otherwise file anything with respect to this action during the time period counsels against finding excusable neglect. *ME2 Prods.*, 2018 U.S. Dist. LEXIS 61961, 2018 WL 1763514, at *3; *O'Brien*, 2010 U.S. Dist. LEXIS 101941, 2010 WL 3636171, at *6.

The seventh and final *Eitel* factor concerns public policy considerations. While public policy generally favors disposition on the merits, the Court concludes that default judgment is appropriate in light of the other *Eitel* factors.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that SFR's Motion for Default Judgment against Citibank, (ECF No. 74), is **GRANTED**.

**IT IS FURTHER ORDERED** that SFR's Motion for Default Judgment against Schep, (ECF No. 75), is **GRANTED**.

The Clerk of Court shall close the case and enter judgment accordingly.

**DATED** this   21   day of April, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court